By the Court.—Sedgwick, J.
The plaintiffs, under the usual affidavit, took out the usual order supplementary to execution, under § 393. On the return of this, an affidavit of the defendant was read, that on February 33, 1873, one Jackson recovered a judgment against defendant for three hundred and fifty-three dollars, in the common pleas. Jackson having died, these plaintiffs were appointed his executors. About June 39, 1875, an order supplementary to execution was taken under the judgment in the common pleas. The defendant was examined as to his property, and on that, the plaintiffs applied to the judge of common pleas for the appointment of a receiver “to take and receive the salary about to become due to this deponent for his services as clerk in the Bowery Savings Bankbut that application was denied. On September 8, 1875, this action was brought upon the j udgment in the common pleas, and on September 30, 1875, the judgment was recovered in four hundred and seventy dollars. Deponent had ‘ a wife and two children dependent upon him for their support, and this deponent has no property, and is entirely dependent upon the salary received by him from the Bowery Savings Bank of this city for his maintenance and that of his family.”
Ordinarily the opinion of the judge is not looked to to find the actual state of the case before him. The case must be looked to. This appeal must be an exception, in consequence of the disjointed way in which the case is presented. The learned judge, in his opinion, says : “Even if the Bowery Savings Bank has not yet paid the salary due to the judgment debtor, for personal services rendered during the month of October last, the same is necessary for the use of the family supported wholly by the labor of such judgment debtor.” This evidently referred to the provisions of section 397.
*434 The order entered was upon the whole case as presented in the above entitled action. It is ordered, “that the proceedings for the examination of the judgment . debtor, Matthew S. Chambers be dismissed without costs.”
The notice of appeal refers on its face to this order, as an order made “vacating the order supplementary to execution.”
An appeal must be heard upon the points made below, to which the attention of parties, and the court was called and given. I infer, from the case, that the only point the judge was called to pass on was whether the salary due to the defendant by the Bowery Savings Bank should be directed to be applied by the defendant. It was the same as if it were agreed that the facts stated in the affidavit would appear upon the examination. Ho error was made by the judge in this matter. By section 297 the fact that earnings are necessary for the use of a family supported wholly or partly by the debtor’s labor may be “made to appear” by the debtor’s affidavit.
For that reason the order should be affirmed; but the learned counsel for the appellant claimed that he had a right, even if the judge properly declined to make an order that the salary be paid over, to proceed to an examination to disclose facts upon which a receiver- of the defendant’s property might be appointed.
The language of section 292 is clear and imperative that when an execution is returned, the creditor is “entitled to an order from a judge requiring the debtor to appear and answer,” &c., &c. The substance of this right the creditor should freely enjoy. But the” letter of the statute should not be forced into an application to circumstances not intended by the section. In the nature of the case, from necessity, the broad language should be limited by general priuci *435 pies of law and equity made applicable to general provisions for procedure. When a party has had one order, the right is exhausted up to that time, lío property appearing, it should not be presumed that such an insolvent has after that acquired property, so as to permit another order and still another to be made. If another order be applied for, either in the application for the order or in response to a motion to dismiss it, it should appear that there are circumstances which call for an examination into the existence of after-acquired property. At all stages the proceeding should appear to be for the purpose of the statute, i. e., to obtain property, and not for the purpose of having the examination only. The section is a summary proceeding in lieu of, or in addition to, the right to a creditor’s action. Equitable principles must be applied in both cases.
The thing in this case which seems to make what has been said inapplicable to it, is that there never was a former order taken out in this action. It is true; but there was one taken out in the judgment which forms the cause of action here. There was an examination then, and an application to the judge for a receiver on or after July 8, 1875. And on September 8, 1875, this action was brought, and the amount of indebtedness increased by costs and compound interest. I do not say that any proceeding sanctioned by law is oppressive, but I must say, that the new action did not annul the full privilege the plaintiffs once had of •obtaining the appointment of a receiver. If the order refusing one was erroneous, it would have been reversed on appeal in the general term of the common pleas. All the rights the plaintiffs could claim under the section have been given to them. As against the debtor, the plaintiff’s resort to his new action should not deprive the debtor of exemption from unnecessary and harassing examination. There is no *436 hardship in this or appearance of injustice. All the-creditor need do is to show specially that subsequent facts call for further examination.
The order appealed from should be affirmed with ten dollars costs, and disbursements to be taxed.
Curtis, J., concurred.