THOMAS CANAVAN, Appellant, *v.* JOHN McANDREW AND PHILIP H. COYNE, Respondents.

*Supplementary proceedings — second examination not allowed unless good cause be shown.*

A judgment creditor is not permitted to harrass his debtor by successive examinations in supplementary proceedings; after he has once fully examined him, a second order will not be granted, unless some good reason be given therefor, even though the second application be founded upon *another* judgment held by the same creditor against the same debtor.

Appeal from an order vacating an order requiring the defendant to appear and be examined in supplementary proceedings.

On the 15th of May, 1879, plaintiff recovered a judgment in this court against the defendants, to be enforced against the joint property of both, and the separate property of McAndrew. Execution was duly issued to the sheriff of New York, where McAndrew resided, and returned *nulla bona.* Upon affidavits properly framed an order was made for the examination of McAndrew before Justice Donohue, and another for the examination of Frederick H. Gibbens, treasurer of the D. and L. Railroad Company, an alleged debtor to the judgment debtor. The orders were duly served, with copies of the affidavits on which they were granted, and at the time appointed the parties appeared in person

and by counsel. No objection was made to the affidavits or orders, but McAndrew's counsel made an affidavit that in March, 1879, prior to the recovery of this judgment, "upon a judgment different from the one in this case, but being for an installment of rent due under a lease, and the judgment in this case being for another installment of rent due under the same lease, McAndrew had been examined at length."

Gibbens made an affidavit that "the company owed McAndrew nothing ; that there were no open accounts between them, and had not been since November, 1878, when the accounts were closed, and that he too had been previously examined on other judgments recovered by plaintiff."

Upon these affidavits, on motion of the counsel, the judge at chambers set aside both orders, and dismissed the proceedings.

It did not appear that the former proceedings alluded to were still alive, or that a receiver had been appointed.

*George C. Genet*, for the appellant.

*Hamilton Odell*, for the respondents.

BARRETT, J. :

A judgment creditor is not permitted to harass his debtor by successive examinations in supplementary proceedings. He is entitled to examine the defendant as fully as may be *once*. After that it becomes a question of sound discretion. It is well settled that a second order will not be granted, as a matter of course. To secure it properly the affidavit should disclose the first proceeding, and give some good reason for again invoking the powers of the judge, such as subsequently acquired property, or the like.

In the case at bar nothing of the kind was attempted to be shown, either affirmatively or in answer to the motion to vacate. Indeed, the plaintiff seemed to recognize the rule but sought to evade it, by applying on another judgment of his against the same defendant. This will not do. The spirit and intent, rather than the letter of the statute, must govern. If the plaintiff's position be correct he has an absolute right to examine the defendant on every judgment he may obtain, no matter how numerous they

may be. This would result in making the statute a means of oppression and could not be tolerated. The fair rule is freely to grant the right, not as attaching specially to the two or more judgments, but as the privilege of the particular plaintiff. (See *Irwin* v. *Chambers*, 8 Jones & Spencer, 432.) Mr. Justice LAWRENCE was right, in exercising his discretion, to vacate the proceedings, and the order appealed from must be affirmed, with ten dollars costs and disbursements.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and BARRETT, J.

Order affirmed, with ten dollars costs and disbursements.